IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH COUNCIL, et al. § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:20-cv-01618-N (BT) |
| § | |
| JOSELYN HOOD, et al. § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiffs Kenneth Council ("Council") and Roshell Pickens ("Pickens") filed this action under 42 U.S.C. §§ 1983 and 1985 for damages and injunctive relief stemming from a denial of workers' compensation benefits. *See* (ECF No. 3). Plaintiffs sue five defendants affiliated with the Texas Department of Insurance: (1) Joselyn Hood, a benefit review officer; (2) Cassandra Brown, the "Commissioner of Workers' Comp;" (3) Monica Zahn, an administrative law judge; (4) Allen Craddock, a director with the Texas Department of Insurance; and (5) John Doe, presumably an employee with the Texas Department of Insurance (referred to collectively as the "State Defendants"). *See* (ECF No. 3 at 3-6). Plaintiffs also sue private defendants unaffiliated with the state: (1) John Doe, a representative of Hartford Casualty Insurance Company; (2) Jane Doe, a human resources employee with Sun Coast Resources; (3) Jane Doe 2, a representative of

Sedwick; (4) Travis Holland, an insurance lawyer; and (5) Joe Anderson, an insurance lawyer (referred to collectively as the "Private Defendants").

The Court granted Plaintiffs leave to proceed *in forma pauperis* but withheld issuing service pending judicial screening. *See* ECF No. 6. For the following reasons, the Court should dismiss Plaintiffs' claims against the State Defendants in their official capacities pursuant to the Eleventh Amendment and dismiss the remaining claims against all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

## Background

Plaintiffs' claims arise out of state workers' compensation proceedings in which Pickens was denied benefits. Plaintiffs contend that various errors and omissions by Defendants violated their federal rights. Plaintiffs specifically allege as follows:

Pickens suffered a compensable illness or injury for purposes of the Texas workers' compensation statute (TEX. LAB. CODE §§ 401.001-506.002). On September 2, 2019, Plaintiffs, with Council (a layman) acting as Pickens's legal representative, faxed a Texas Department of Insurance Form ("DWC041") to the Texas Workforce Commission Office, thereby alerting all Defendants of Pickens's claim for workers' compensation benefits. *Id.* at 7. Pickens claimed to have suffered a "high intake of fuel vapor" and was

experiencing a "constant headache and confusion." *Id.* at 11. Plaintiffs attached a handwritten account of Pickens's injuries to the DWC041.

However, the Private Defendants failed to timely respond to the DWC041, thereby waiving all defenses to the claim except for the defense that the claim was not supported by objective medical evidence. *See id.* at 11; *see also* TEX. LAB. CODE § 409.021 (providing that if an insurance carrier does not contest the compensability of an injury on or before the 60th day after notification of the injury, the carrier waives the right to contest compensability).

On September 19, 2019, Plaintiffs requested a benefit review conference in according with Texas workers' compensation procedure. *See* TEX. LAB. CODE. § 410.021. The disputed issues were whether Pickens "suffered inhalation toxicity" on the job and was being treated for "pain and confusion." (ECF 3 at 13). A benefit review conference was held on November 6, 2019, but Defendant Hood conducted the benefit review conference in manner that was contrary to Texas law. Specifically, Defendant Hood indicated that Pickens needed a licensed attorney and could not be represented by Council, but "[n]owhere in [the] Texas Administrative Codes does it say an injured person has to be represented by a lawyer." *Id.* at 15. The "hearing was terse and brief due to Hood's refusal to accept the fact that Council was a capable lay representative." *Id.* at 15. Defendant Hood failed to "delineate the disputed issues" and to resolve the

3

disputed issues in violation of Texas workers' compensation law. *Id.* Council specifically complained that the Private Defendants waived any defense to Pickens's claim, other than their defense that Pickens failed to provide objective evidence of injury. *Id.* at 16.

Defendant Hood—despite the DWC041 form and attachments thereto—stated that there needed to be another benefit review conference because there was no exchange of information. *Id.* at 17. In drafting a statement regarding the rescheduling of the benefit review conference, Defendant Hood "filed a statement totally excluding the disputed issues relevant to Plaintiffs, crafting a statement beneficial to [the Private Defendants]," thereby denying Plaintiffs due process and access to the courts. *Id.* Specifically, Defendant Hood failed to determine whether the Private Defendants waived their right to contest compensability due to their dilatory response to the initial DWC041.

Council then complained in writing to the Texas Department of Insurance and the Texas Attorney General about the initial benefit review conference. *Id.* Defendant Craddock "on behalf of Defendants Brown and John Doe" responded to Council's complaint in a manner that was not satisfactory to him. *Id.* at 18. Defendant Craddock attempted to mislead Pickens into hiring an actual attorney or accepting free representation from the Office of Injured Employee Counsel, which caused Pickens to become upset, as it implied that Council's representation was defective. *Id.* at 19. The

4

letter also implied that Pickens signed a medical release form—causing her to, in essence, abandon her waiver argument. Plaintiffs contend that Defendant Craddock's response letter was "fraudulent," and that defendant Craddock instructed Defendant Hood that "the waiver issue was to be ignored." *Id.*

Apparently, Defendant Hood, despite prior protestations that a second benefit review conference was necessary, proceeded instead to draft a written report for purposes of a contested case hearing, which is the next step in the process of resolving a benefits dispute. *Id.* at 27; *see also* TEX. LAB. CODE § 410.151. However, Defendant Hood failed to prepare a written report that details each issue that is not resolved at the benefit review conference, in contravention of Texas law. *Id.* Specifically, Defendant Hood's report omitted the waiver issue. *Id.* "The federal court has jurisdiction on this issue because the moment the Defendants collaborated and conspired and did exclude the affirmative waiver defense (from the list of disputed issues) is the moment a constitutional breach occurred and State remedies were exhausted." *Id.* at 28.

Finally, at the contested case hearing, Defendant Zahn again refused to consider the waiver issue and refused to "include Council's response to Hood's dispute statement." *Id.* at 29. Defendant Zahn did, however, allow the Private Defendants to file an untimely response to Defendant Hood's benefit review response. *Id.* Defendant Craddock then "conspired with and

5

approved of Zahn [sic] unlawful and equal treatment of Plaintiffs during the contest [sic] case hearing . . . [w]hen he upheld Defendant Zahn's unlawful and unconstitutional actions. . . . " *Id.* at 30.

Plaintiffs seek injunctive relief, compensatory damages, and punitive damages. *Id.* at 32.

## Legal Standards

Under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

**Analysis**

A. <u>Plaintiffs cannot state a claim against the Private Defendants because they are not state actors and the conspiracy allegations are conclusory.</u>

Plaintiffs' suit against the Private Defendants should be dismissed because they are not state actors for purposes of section 1983, and Plaintiffs' allegations that the Private Defendants conspired with state actors—bringing them within the ambit of section 1983—are too conclusory to support relief.

To state a claim under section 1983, a plaintiff must allege that he was deprived of a constitutionally protected right "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The under color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). "For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citation omitted). To state such a claim, the plaintiff must allege: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (1994)). "Allegations that are merely conclusory, without reference to specific facts, will not

suffice." *Priester*, 354 F.3d at 420 (citing *Brinkmann v. Johnson*, 793 F.2d 111, 113 (5th Cir. 1986)).

Here, Plaintiffs provide only conclusory allegations of a conspiracy between the State and Private Defendants. They do not allege a specific agreement to commit an illegal act, nor do they supply facts demonstrating such an agreement. Thus, Plaintiffs' claims against the Private Defendants under section 1983 should be dismissed.

Similarly, Plaintiffs' section 1985(3) claim is too conclusory to state a claim for relief. Section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind the alleged unlawful action.[1] *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971). Thus, to show a private conspiracy in violation of section 1985(3), a plaintiff must show that "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against

---

[1] Section 1985 contains three subsections, each prohibiting a different type of conspiracy. Section 1985(1) generally prohibits conspiracies to interfere with a federal official's performance of his duties. *See* 42 U.S.C. § 1985(1). Section 1985(2) prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection. *See* 42 U.S.C. § 1985(2). Subsection 2 also requires a showing of racial or other class-based animus. *See Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986). The Court assumes that Plaintiffs intend to state a claim under 42 U.S.C. § 1985(3), but, given the absence of race or class-based animus allegations, any claim under section 1985(2) would fail as well.

private, as well as official, encroachment.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (citation omitted). Here, Plaintiffs make no allegations that the Private Defendants discriminated against them with "some racial, or perhaps otherwise class-based, invidiously discriminatory animus," so their claim under section 1985(3) should be dismissed.

B.      Plaintiffs' claims against the State Defendants are not cognizable.

    1.      The Eleventh Amendment bars Plaintiffs' official-capacity claims against the State Defendants.

Plaintiffs have sued Defendants Hood, Brown, Zahn, Craddock, and John Doe 1—each a state official—in their official and individual capacities. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). This prohibition applies with full force to agencies of the state. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). An exception to Eleventh Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). However, this exception does not apply to requests for retrospective relief. *See Fan v. Brewer*, 2009 WL 1743824, at *4 (S.D. Tex.

9

June 17, 2009) (noting that Eleventh Amendment would bar request for retrospective injunctive relief against State of Texas).

Here, The Texas Department of Insurance is "clearly a state agency, created by the laws of the state of Texas." *Corporate Health Ins. v. Texas Dept. of Ins.*, 12 F.Supp.2d 597, 605 (S.D. Tex. 1999) (citations omitted). Thus, Plaintiffs' claims against the State Defendants in their official capacities for monetary relief are barred by the Eleventh Amendment. And the Eleventh Amendment also bars Plaintiffs' request for retrospective injunctive relief, which asks the Court to "issue an injunction against the Defendants and require the Defendants to reset or redo the entire workers' compensation process relevant to this case . . . ." *See* ECF No. 3 at 32.

2. <u>Plaintiffs fail to state a claim against the State Defendants in their individual capacities.</u>

While the Eleventh Amendment does not prohibit Plaintiffs' suit against the State Defendants in their individual capacities, their allegations nevertheless fail to state a claim upon which relief can be granted. Plaintiffs maintain that the failure of these Defendants to abide by Texas workers' compensation procedures deprived them of due process, equal protection, and the right to access the courts.

Initially, the Court finds that Plaintiffs' individual-capacity claims against the State Defendants are barred by absolute quasi-judicial immunity. Judges have absolute judicial immunity from suit for their

judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is functionally comparable to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513 (1978) (internal quotation marks and citation omitted); *see also Howery v. Chanis*, 2017 WL 2773594, at *3 (E.D.N.Y. (June 26, 2017) (finding that doctrine of absolute quasi-judicial immunity barred the plaintiff's individual-capacity suit against worker's compensation judge and three members of the workers' compensation board); *Person v. White*, 2010 WL 2723210, at *5 n.4 (E.D.N.Y. July 2, 2010) (same).

Here, as best the Court can tell, Plaintiffs' claims against the State Defendants all relate to their roles as arbiters of Pickens's claim for workers' compensation benefits and there is "nothing in the Complaint from which the Court could reasonably construe that any alleged misconduct occurred outside of that capacity or that any of the Defendants lacked jurisdiction over the proceedings." *Howery*, 2017 WL 2773594, at *3.

But even were absolute quasi-judicial immunity inapplicable, Plaintiffs nevertheless fail to state a claim. As for substantive due process, "[a] government violates substantive due process when it deprives an individual of constitutional rights by an arbitrary use of its power." *Smith v. City of Bastrop*, 2021 WL 256823, (W.D. Tex. Jan. 26, 2021), *rep. and rec.*

11

*adopted*, 2021 WL 256823 (W.D. Tex. Mar. 16, 2021) (citing *Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 249 (5th Cir. 2000)). "[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking in the constitutional sense.'" *Reyes v. North Texas Tollway Authority, (NTTA)*, 861 F.3d 558, 562 (5th Cir. 2017) (citations omitted).

Here, the Court, in line with other courts to have considered similar claims, finds that the State Defendants' conduct in denying Pickens's workers' compensation claim is not the kind of government conduct that "shocks the conscience" for purposes of stating a substantive due process claim. *See, e.g, Gale v. SAIF Corp.*, 2019 WL 2488719, at *8 (D. Or. Mar. 15, 2019) (rejecting § 1983 substantive due process claims premised upon denial of worker's compensation benefits and noting that "[a]s a matter of law, Plaintiff's allegations simply are not the type of government conscience-shocking behavior that courts have found to support substantive due process claims"); *Wilson v. Ayers*, 2010 WL 174111, at *3 (D. Nev. Jan. 14, 2010), *aff'd*, 470 F. App'x. 654, 655 (9th Cir. 2012) (dismissing § 1983 substantive due process claims premised on denial of worker's compensation benefits). Thus, to the extent urged, Plaintiffs' substantive due process claims should be dismissed.

Next, to the extent that Plaintiffs claim that they were denied procedural due process, "[t]he first inquiry in every procedural due process

challenge is whether the plaintiff has been deprived of a protected interest in 'liberty' or 'property.'" *Johnson v. Thompson-Smith*, 203 F.Supp.3d 895, 905-06 (N.D. Ill. 2016) (quoting *Am. Mfgs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

In *Sullivan*, the Supreme Court considered whether a plaintiff had a constitutionally-protected property interest in state workers' compensation benefits. The Supreme Court held that the plaintiff did not have a protected interest. Unlike other cases in which the Supreme Court had held that a property interest accrued in government benefits—like the welfare assistance in *Goldberg v. Kelly*, 397 U.S. 254 (1970) and the disability benefits in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—under Pennsylvania law, workers' compensation payments for medical treatment were not automatic and were instead subject to an initial determination of reasonableness and necessity, a showing that the plaintiffs there failed to make.

That rationale is controlling here, as Texas law also preconditions payment of workers' compensation benefits on a compensable injury and determinations of reasonableness and necessity. *See* TEX. LAB. CODE §§ 401.011(19)(31); *see also Aguirre v. Tristar Risk Management*, 2011 WL

13

6002642, at *6 (S.D. Tex. Nov. 30, 2011) (explaining that a claimant is entitled to Texas workers' compensation benefits if he can demonstrate (1) that he has suffered a compensable injury, and (2) that the treatments he requests are medically necessary to treat that injury) (citations omitted).

Because Plaintiffs have only pleaded facts showing a unilateral expectation in workers' compensation benefits and not an actual entitlement to them, they have failed to show a protectable property interest. *See Sullivan*, 526 U.S. at 60; *see also Johnson*, 203 F.Supp.3d at 905 (granting motion to dismiss takings claim and procedural due process claims related to denial of workers compensation benefits and noting that "[b]ecause Johnson never proved his eligibility for workers' compensation, he does not have a protectable property interest in medical or fringe benefits as claimed"); *Sherwin v. Piner*, 2003 WL 24051575, at *3-4 (E.D.N.C. July 22, 2004) (dismissing procedural due process claim premised upon the denial of workers' compensation benefits in light of *Sullivan* and noting that the plaintiff's "unilateral belief" that he was entitled to workers' compensation benefits was insufficient to establish his entitlement to them); *Holt v. Texas Dept. of Ins.-Div. of Workers' Compensation*, 2018 WL 6695725, at *8 (Tex. App.—Austin Dec. 20, 2018, pet. denied) (mem. op.) (rejecting, as part of takings-claim analysis, argument that the plaintiff had vested property right in workers' compensation benefits and noting that "[c]ase law indicates that an injured worker has 'a mere expectancy' in receiving temporary income

benefits because once the worker is determined to have reached MMI, the insurance carrier may immediately stop making those payments," and "[b]ecause an injured employee is entitled to temporary income benefits only until he reaches MMI, at which point he may be entitled to a different kind of benefits, temporary income benefits are by their very nature contingent upon a doctor's determination and, therefore, cannot be considered a vested right").

Further, even if Plaintiffs could show a protected property interest, they fail to demonstrate that they were deprived of constitutionally adequate procedural due process. Procedural due process requires that individuals be given notice of an impending deprivation as well as an opportunity to be heard prior to the deprivation. *See generally Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Plaintiffs, though, do not complain about the notice that they received. Nor do they claim that they were deprived of a hearing; they complain, instead, that Defendants violated the Texas workers' compensation statute. Thus, Plaintiffs fail to state a procedural due process claim.

Plaintiffs also claim that Defendants' actions violated their Equal Protection rights, but they provide no explanation as to how. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class [,]" *Williams v. Bramer*, 180 F.3d 699, 705

15

(5th Cir. 1999) (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiffs fail to include any such allegations here, so their equal protection claim should be dismissed.

Plaintiffs also fail to state a claim for deprivation of their right of access to the courts. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). To succeed on an access-to-courts claim, a plaintiff must show that he lost an actionable claim or was preventing from presenting such a claim because of the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. "Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to vindicate basic constitutional rights in a civil rights action." *Barela*, 2019 WL 4648262, at *6 (quoting *Lewis*, 518 U.S. at 353-54 (internal quotation marks omitted) (citation omitted)).

Here, Plaintiffs "cannot state a First Amendment claim for denial of access to courts because [they have] alleged nothing to suggest [they were] actually prevented from presenting . . . [their] underlying claims to this [C]ourt." *West v. Putman*, 2018 WL 4211749, at *4 (S.D. Tex. Apr. 12, 2018).

## Recommendation

The Court should dismiss Plaintiffs' claims against the State Defendants in their official capacities pursuant to the Eleventh Amendment and dismiss the remaining claims against all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to dismissal, however, leave to amend is not required where the plaintiffs "ha[ve] already pleaded [their] 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons stated, Plaintiffs' claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

SO RECOMMENDED.

July 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

17

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).